23543

In re Flora M. COLEMAN and William A. Coleman, III, as Co-Executors of the Last Will and Testament of Robert Wesley Coleman, Sr., Petitioners Below, of whom Flora M. Coleman, Co-Executor, is Respondent v. Claudia Coleman DUNLAP, Deborah Coleman Marsh, and Robert Wesley Coleman, Jr., Petitioners.

(413 S.E. (2d) 15)

Supreme Court

B. *Michael Brackett,* of *Sherrill and Rogers, PC,* Columbia, *for petitioners.*

J. *Lewis Cromer,* of *Cromer and Mabry,* Columbia, *for respondent.*

Heard Oct. 22, 1991.

Decided Jan. 6, 1992.

TOAL, Justice:

We granted certiorari to review the decision of the Court of Appeals in *Coleman v. Dunlap,* 303 S.C. 511, 402 S.E. (2d) 181 (Ct. App. 1991). In that decision the Court of Appeals reversed the Circuit Court's reversal of the Probate Court. The petitioners claim that the Court of Appeals erred in reversing the Circuit Court because the probate judge improperly granted the SCRCP 60(b) motion on two grounds. First, petitioners claim that there were insufficient grounds for the motion. Secondly, petitioners claim the motion was untimely made. We affirm the opinion of the Court of Appeals.

## FACTS

Robert Wesley Coleman, Sr. executed his Will on October 23, 1981. The Will left one-half of his estate to William Armstrong Coleman, III, and the other one-half to his wife for life and, at her death, to William Armstrong Coleman, III. Item IV of the Will stated: "It is my intent in making this will to disinherit my son, Robert Wesley Coleman, Jr., and my daughters, Deborah Ann Coleman and Claudia Faye Coleman."

The disinherited children contested the Will on the grounds of undue influence. A hearing was held on November 18, 1987 in the Florence County Probate Court. The probate judge, *ex mero motu*, declined to admit the Will to probate; because,[1] based on the testimony of two of the ascribing witnesses, the Will was not executed in compliance with S.C. Code Ann. § 21-7-50 (1976).[2]

The Will proponents then sued the preparer of the Will, who was also a witness to the Will, for legal malpractice. In the course of that suit, depositions were taken from all of the ascribing witnesses.

The first witness testified in his deposition that he confused the signing of the Will with the signing of a deed which he witnessed for the testator during the same year. He further deposed that he now remembers the signing of the Will and where everyone sat during the execution of the Will; and that all were present when the testator signed the Will.

The second witness in his deposition stated that he was confused during the first hearing, and that his testimony had been based in part on a conversation with the first witness in the hall before the hearing where the first witness told him they were not all present at the signing of the Will. He further testified that the signing of the Will had been some eight years before, and that his recollection was faulty during the first hearing.

The depositions of both the preparer of the Will and his secretary state that the Will was executed by the testator in the

---

[1] By declining to admit the Will to probate, the estate would proceed under intestacy laws.

[2] S.C. Code Ann. § 21-7-50 (1976) required the testator to execute the Will in the presence of three witnesses and the three witnesses to sign in the presence of each other. This section has been superseded by S.C. Code § 62-2-502 (1987). The parties, however, do not challenge the applicability of § 21-7-50.

presence of the three witnesses and that the witnesses signed in the presence of each other.

On November 17, 1988, the Will proponents filed a motion to open the judgment under SCRCP 60(b)(1) and (b)(2). The judgment was reopened and the depositions were entered into the record.[3] The probate judge reversed his earlier order and entered the Will for probate. The Will opponents appealed to the Circuit Court and the Circuit Court judge reversed the probate judge, holding that the order of November 18, 1987 was final because the grounds for the motion were improper and the Rule 60(b) motion was untimely. The Will proponents appealed to the Court of Appeals and the Court of Appeals reversed the Circuit Court judge and reinstated the Probate Court order of June 20, 1989 in *Coleman v. Dunlap*, 303 S.C. 511, 402 S.E. (2d) 181 (Ct. App. 1991).

## ANALYSIS

SCRCP 60(b) states:

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; ...

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, or order or proceeding was entered or taken.

The power to open, modify or vacate a judgment is possessed solely by the court that rendered the judgment. 46 Am. Jur. (2d) *Judgments,* § 681 (1969). *See also Bagley v. Bagley,* 415 A. (2d) 1080 (Me. 1980). Whether to grant or deny a motion under SCRCP 60(b) is within the sound discretion of the judge. *Tri-County Ice and Fuel Co. v. Palmetto Ice Co.,* — S.C. —, 399 S.E. (2d) 779, 782 (1990).

---

[3] The petitioners were offered an opportunity to call the witnesses but declined. Further, petitioners did not object to the use of the depositions.

The respondents presented evidence to the probate judge that two of the witnesses to the Will were mistaken about the circumstances surrounding the execution of the Will. This is not a case of where the witnesses perjured themselves. We do not address that issue here. The issue is whether a mistake of fact is sufficient to open a final judgment.

A party must make a showing that failure to avoid the mistake was justified. 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2858 at 170 (1973). It was the mistaken testimony of two of the ascribing witnesses which placed the execution of the Will in question and rendered the Will invalid. The Will proponents had no reason to know that two of the ascribing witnesses were mistaken until their depositions were taken in the legal malpractice case against the Will preparer. Thus, the respondents met their initial burden. Absent an abuse of discretion, the decision of the probate judge should be upheld on appeal. *Tri-County Ice and Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 399 S.E. (2d) 779, 782 (1990). "An abuse of discretion arises where the trial judge was controlled by an error of law or where his order is based on factual conclusions that are without evidentiary support." *Id.*

The petitioners also claim that the motion was not timely made. The rule clearly states that a motion under 60(b)(1)-(3) must be made within a reasonable time no later than one year from the original judgment. This motion was made within one year of the deadline. The petitioners are correct in stating that one year is the absolute time limit. However, when the motion is within one year it need only be made within a reasonable time. The depositions of the witnesses were taken in November 1988 in connection with the legal malpractice suit against the attorney who prepared the Will. There is nothing on the record that indicates the Will proponents unreasonably delayed filing their motion. On the contrary, the record shows that the motion was filed shortly after learning of the mistake.

When a SCRCP 60(b) motion is made within one year of the original judgment, whether the motion was made within a reasonable time after discovery of the mistake is within the sound discretion of the trial judge. *See e.g. Archuleta v. New Mexico State Police*, 108 N.M. 543, 775

P. (2d) 745, *cert. denied,* 108 N.M. 384, 772 P. (2d) 1307 (1989). Absent an abuse of discretion, an appellate court should not disturb the trial court's discretionary decision on appeal. *Tri-County Ice and Fuel Co. v. Palmetto Ice Co.,* 303 S.C. 237, 399 S.E. (2d) 779, 782 (1990).

We affirm the decision of the Court of Appeals.

GREGORY, C.J., CHANDLER and FINNEY, JJ., and J. ERNEST KINARD, JR., Acting Associate Justice, concur.