THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Bobby L. Mitchell,       
Appellant,
 
 
 

v.

 
 
 
Debra Mitchell Sakara, Michael Sakara and Corey Michael
Sakara, a minor 
 under the age of 14 years,        Respondents.
 
 
 

Appeal From Richland County
Donna S. Strom, Family Court Judge

Unpublished Opinion No.    2003-UP-322
Submitted February 20, 2003 - Filed 
 May 7, 2003

AFFIRMED

 
 
 
James W. Corley, of Columbia; for Appellant.
Lori D. Hall, of W. Columbia; for Respondents.
 
 
 

 PER CURIAM:  Bobby L. Mitchell 
 appeals the order of the family court that denies his Rule 60 motion to set 
 aside an order and judgment allowing Michael Andrew Sakara to adopt Corey Michael 
 Mitchell.  Debra Mitchell Sakara and Mitchell were once married.  Corey 
 is their son.  Mitchell contends the family court lacked jurisdiction 
 to order the adoption because the affidavit that supported the order that allowed 
 for service by publication of the summons and complaint in the adoption proceedings 
 was facially defective.  We disagree and affirm. 
 [1]    
The family court granted Mitchell and 
 Debra a divorce on November 12, 1992.  They had one child, a son born 
 on October 20, 1989.  Sometime after Debra married Sakara, they brought 
 an action against Mitchell and the child in which Sakara sought to adopt the 
 child.  After attempting to serve Mitchell by certified mail, Sakara 
 served Mitchell by publication pursuant to an order of publication dated November 
 3, 1998, and signed by the clerk of court. 
An affidavit executed by Edward A. Harter, Jr., 
 an attorney for Sakara and Debra, supported the publication order.  The 
 affidavit recites in part:

A cause of action for adoption 
 of the minor child . . . exists in this Court against . . . [the] father, as 
 appears from the Petition for Adoption filed with the Court.
His residence is not known nor 
 can it with reasonable diligence be ascertained.
A letter to him attempting service 
 by Certified Mail under Rule (d)(1)(8) SCRCP is attached hereto.

Attached to the affidavit is an envelope listing 
 the address of Bobby L. Mitchell as 105 Hillpine Road, Apartment J-5, Columbia, 
 South Carolina 29212.  A notation appears on the envelope that reads: RETURN 
 TO SENDER[.]  NO FORWARD ORDER ON FILE[.]  UNABLE TO FORWARD[.]  RETURN TO SENDER[.]  
 A letter dated October 21, 1998, addressed to Mitchell, and informing him 
 of the adoption proceeding is also attached to the affidavit.  Attached 
 to the letter is a copy of the certified mail receipt.
The clerk of court thereafter signed an order of 
 publication.  It reads in part:

It appearing to my satisfaction 
 from the Affidavit of Petitioners attorney, and the verified Petition filed 
 in the action, that a cause of action for the adoption of the . . . minor child 
 exists against the Respondent . . . [the childs] father, and is pending in 
 this county but that said Respondent is presently a person upon whom service 
 cannot be had within the state.
NOW THEREFORE, in accordance 
 with Section 15-9-710 and 15-9-740 of the Code of Laws of South Carolina, 1976 
 as amended;
IT IS ORDERED that the service 
 of the Summons in this action be made by publication thereof, together with 
 Notice of the filing of the Petition, in The STAR REPORTER, a newspaper published 
 weekly in the City of Columbia, County of Richland, State of South Carolina 
 once a week for three (3) weeks and that the first publication be made within 
 ten (10) days from the date of this Order.

In an affidavit executed on December 3, 1998, by 
 the publisher of The Columbia Star, he states his newspaper published 
 a summons and notice in the adoption case on November 19, 26, and December 3, 
 1998.  A copy of a clipping of the summons and notice accompanies the affidavit.
On June 29, 2001, Mitchell 
 moved to set aside the order and judgment of adoption on the ground the judgment 
 was void.  He maintained the family court never acquired jurisdiction over him 
 because Sakara never properly served him with process.
ISSUE ON APPEAL
Whether the family court acquired jurisdiction 
 over Mitchells person. 
STANDARD OF REVIEW
The power to open, modify or vacate a 
 judgment is possessed solely by the court that rendered the judgment.  Whether 
 to grant or deny a motion under SCRCP 60(b) is within the sound discretion of 
 the judge. [2] 
DISCUSSION AND HOLDING
Rule 4(d)(8) of the South Carolina Rules 
 of Civil Procedure provides in pertinent part for service of a summons and complaint 
 by certified mail. 

Service of a summons and complaint upon a defendant . . . 
 may be made by the plaintiff . . . by registered or certified mail, return receipt 
 requested and delivery restricted to the addressee. . . . If delivery of the 
 process . . . is returned undelivered, service shall be made as otherwise provided 
 by these rules. [3] 

Rule 4(d)(7) provides in pertinent part:

Service upon a defendant . . 
 . is also sufficient if the summons and complaint are served in the manner prescribed 
 by statute. [4] 

South Carolina Code section 15-9-710 permits service 
 upon an individual by publication.  It provides in pertinent part:

When the person on whom the 
 service of the summons is to be made cannot, after due diligence, be found within 
 the State and . . . that fact appears by affidavit to the satisfaction of the 
 . . . the clerk of court of common pleas . . . of the county in which the case 
 is pending[,] . . . the . . . clerk . . . may grant an order that the service 
 be made by the publication of the summons in any one of the following cases:
 . . .
(6) When the defendant 
 is a party to an adoption proceeding and is . . . a person upon whom service 
 cannot be had within the State after due diligence. 
 [5] 

Here, Sakara attempted to serve Mitchell by certified 
 mail.  When that attempt failed, Sakara turned to Section 15-9-710(6), a method 
 of service allowed by Rule 4(d)(7) and thus embraced within the meaning of the 
 term rules as used in Rule 4(d)(8).  His counsel presented to the clerk of 
 court an affidavit that Mitchells residence was not known and could not be 
 ascertained with reasonable diligence and that evidenced an unsuccessful attempt 
 to serve Mitchell by certified mail. 
 [6]   Based on that affidavit, the clerk of court found Mitchell was a person 
 upon whom service could not be had within the state and ordered Mitchell served 
 by publication.  We cannot fault this finding, supported as it was by affidavit 
 and there being no suggestion of fraud or collusion. [7] 
AFFIRMED.
HEARN, C.J., and CURETON and GOOLSBY, 
 JJ., concur.

 
 
 [1]   Because oral argument would not aid the court in resolving the issue 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.

 
 
 [2]    Coleman v. Dunlap, 306 S.C. 491, 494, 413 S.E.2d 15, 17 
 (1992) (citations omitted).

 
 [3]   Rule 4(d)(8), SCRCP.

 
 [4]   Id., Rule 4(d)(7).

 
 [5]   S.C. Code Ann. § 15-9-710(6) (Supp. 2002).

 
 
 [6]   Although not part of counsels affidavit supporting an order for 
 publication, the family court found Sakara, after the return of the summons 
 and complaint that Sakara attempted to serve by certified mail and his learning 
 that Mitchell left no forwarding address, tried to serve a person with the 
 same name as Mitchell whose name was listed in the telephone book. 

 
 
 [7]    Cf. Wachovia Bank of S.C. v. Player, 341 S.C. 424, 
 535 S.E.2d 128 (2000) (stating that, absent fraud or collusion, once the issuing 
 officer is satisfied by affidavit, the decision to order service by publication 
 is final); Montgomery v. Mullins, 325 S.C. 500, 480 S.E.2d 467 (Ct. 
 App. 1997) (holding the trial court acted within its discretion in finding 
 that an attempted service by publication by not timely).