THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Kimberly F. Dunham, Respondent,
v.
Michael D. Coffey, Petitioner.
 
 
 

ON WRIT OF CERTIORARI
TO THE COURT OF APPEALS

Appeal From Greenville County
 Timothy L. Brown, Family Court Judge

Memorandum Opinion No. 2005-MO-052
Submitted September 14, 2005 - Filed October 17, 2005

AFFIRMED IN
RESULT

 
 
 
Michael D. Coffey, of Greer, pro se.
Kimberly Fisher Dunham, of Greenville, pro se.
 
 
 

PER CURIAM:  Petitioner has filed a petition asking this Court to review the Court of Appeals decision in Dunham v. Coffey, 2004-UP-344 (S.C. Ct. App. filed May 25, 2004).  We grant the petition, dispense with further briefing, and affirm in result the decision of the Court of Appeals.
FACTUAL/PROCEDURAL BACKGROUND
This action was initially filed by Lisa Webb, petitioners ex-wife, seeking modification of custody, visitation, and child support, as well as unrecovered medical expenses, and attorneys fees.  Respondent represented petitioners ex-wife in this action and petitioner proceeded pro se.  Respondent requested a final hearing on May 26, 1998, and the hearing was set for April 16, 1999.  Respondent received notice of the hearing date from the clerk on February 26, 1999, but did not mail notice of this hearing to petitioner until April 13, 1999, three days prior to the hearing.  She mailed this notice by certified mail, return-receipt requested, to petitioners last known address.  However, petitioner no longer resided at that location.  The notice was forwarded to petitioners new address and he received it the day after the hearing.  Because petitioner received the notice after the hearing was held, he was not present at the hearing.  The family court entered its final order on May 27, 1999, ordering petitioner to pay $3,531.05 in attorneys fees to respondent within 60 days.  
However, petitioner did not pay the attorneys fees, so respondent served him with a Rule to Show Cause.  On October 11, 2002, petitioner responded by bringing a motion for relief, and a hearing was held on this motion on October 22, 2002.  Petitioner was represented by counsel at this hearing, but it appears he proceeded pro se in every other stage of this litigation.  
The family court judge denied petitioners motion, finding it was his responsibility to provide his address on his Answer and also to keep the clerk apprised of any new address so that he could be sent notices relating to his case.
The Court of Appeals affirmed, finding petitioners own negligence in failing to comply with Rule 11(a) and state his address on his Answer made it impossible for the clerk to notify him of the final hearing.  
ISSUE

Did the Court of Appeals err in denying petitioners motion for relief from the order?

DISCUSSION
Petitioner contends the fact he omitted his address from his Answer in contravention of Rule 11(a) is of no consequence because it was respondents duty to timely notify him of the hearing date and not the responsibility of the clerk.  He further argues that because respondent failed to fulfill this duty, he did not receive proper notice of the hearing, denying him his constitutional right to be heard and rendering the order void.
The Court of Appeals appears to have based its analysis on Rule 60(b)(1), SCRCP, which allows for relief from judgment based on mistake, inadvertence, surprise, or excusable neglect and which must be brought within a year of the date of entry of the order.[1]  According to both the family court and the Court of Appeals, petitioners mistake of omitting his address from his Answer made it impossible for the clerk to mail him notice of the hearing.  Petitioners motion was denied because he sought relief based on this mistake more than a year after judgment was entered.
Relief from judgment or order under Rule 60, SCRCP, rests within the sound discretion of the trial court, and the trial courts findings will not be disturbed on appeal absent an abuse of discretion.  Thompson v. Hammond, 299 S.C. 116, 382 S.E.2d 900 (1989).  Motions made pursuant to Rule 60(b)(1)-(3), SCRCP, must be made within a reasonable time not to exceed one year after entry of the order.  Coleman v. Dunlap, 306 S.C. 491, 413 S.E.2d 15 (1992).  However, motions for relief grounded in Rule 60(b)(4) and (5), SCRCP, are not subject to this absolute one-year limitation, but may be brought within a reasonable time after the order is entered.  In other words, [t]he one year limit is a non-discretionary mandate whereas the reasonable time limitation is discretionary and should be determined under the facts and circumstances of each case.  Id.  
Here, the family court entered its final order on May 27, 1999, and petitioner did not move for relief from the order until October 11, 2002, well over one year after entry of the order.  Therefore, none of the first three grounds for relief from judgment are available to petitioner and, to have any possibility of success, the motion must be based on subparts (4) or (5).  Rule 60(b), SCRCP. 
Rule 60(b)(4), SCRCP, allows relief from an order to be granted on the grounds that the order is void.  A void order is one rendered in the absence of proper due process or jurisdiction.  Universal Benefits, Inc. v. McKinney, 349 S.C. 179, 561 S.E.2d 659 (Ct. App. 2002).  An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency    of the action and afford them an opportunity to present their objections.  Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652 (1950).  Such notice must give the parties a reasonable time to make their appearance and [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  Id.    
The Court of Appeals erred in applying Rule 60(b)(1), SCRCP, and in failing to address petitioners contention that because the order is void based on lack of proper notice of the hearing, relief must be granted pursuant to Rule 60(b)(4), SCRCP.  In its analysis, the Court of Appeals focuses on petitioners failure to comply with Rule 11(a) and blames his lack of notice solely on this failure.  Both the family court judge and the Court of Appeals focus on the fact that Rule 17(a), SCRFC, only requires opposing counsel to give notice of the merits hearing to a defaulting defendant.  Both courts erroneously interpret Rule 17(a), SCRFC, to mean that because petitioner filed an Answer in the underlying action, respondent was not required to send him any notice of the hearing at all, and her three days notice was merely a courtesy to petitioner.  This misinterpretation ignores the fact that the Rules of Civil Procedure apply in family court proceedings to the extent that they are consistent with the Rules of Family Court.  Because Rule 17(a), SCRFC, was inapplicable to petitioner as a non-defaulting defendant, the Rules of Civil Procedure step in to provide rules pertaining to service of notices on non-defaulting defendants.[2]  
Thus, the family court and Court of Appeals should have considered that Rule 5, SCRCP, places a burden on the party requesting the hearing of sending notice of the hearing to the opposing party.  Rule 5(a), SCRCP, provides every written notice . . . shall be served upon each of the parties. . . .  Rule 5(b)(1), SCRCP, further provides [s]ervice upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of court.  In fact, the form sent to the requesting party, informing him of the hearing date in the family court, echoes the responsibility imposed by the rules and explicitly informs the requesting party of this duty by stating:

NOTICE TO ATTORNEY OR PARTY REQUESTING HEARING:  Unless otherwise ordered by the court, you are required to notify opposing counsel (or parties, if unrepresented by counsel) . . . of this hearing.

Family Court Form SCCA 411, Notice of Hearing (General). 
Therefore, respondent did have a duty to notify petitioner of the merits hearing.  However, respondent fulfilled this duty by sending notice of the hearing to petitioners last known address, and even though she did so only three days before the hearing, she fully complied with the Rules.  Such short notice, however, arguably did not comply with due process because it is questionable whether three days notice is reasonably calculated to apprise petitioner of the hearing and provide him with the opportunity to be heard.  As such, the Court of Appeals erred in applying Rule 60(b)(1), SCRCP, and focusing on petitioners failure to state his address on his Answer.  Instead, the Court of Appeals should have considered whether the order against petitioner was void for lack of due process, warranting relief be granted pursuant to Rule 60(b)(4), SCRCP.              
However, petitioners motion for relief from the order was properly denied regardless of whether Rule 60(b)(1) or (b)(4) is applied.  A motion for relief under Rule 60(b)(4), SCRCP, must be commenced within a reasonable time after the entry of the order.  Here, petitioner waited over three years before moving for relief even though he admitted he received the notice of the hearing the day after the hearing was held.  As such, petitioner had constructive notice that an order would be entered affecting his rights and should have promptly moved for relief rather than wait three years, an amount of time which was unreasonable under the circumstances.  We therefore affirm the decision of the Court of Appeals in result only. 
AFFIRMED IN RESULT.
 TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

[1] The opinion of the Court of Appeals does not specifically state which subsection bars petitioners motion, but rather only it was Mr. Coffeys own error in not providing the court with his address that caused him to fail to receive notice of the final hearing.  Therefore, Coffeys motion for relief is barred by the one-year time limit under Rule 60(b), SCRCP.  Furthermore, the parties briefs to the Court of Appeals do not specify Rule 60(b)(1) applies, although respondent arguably alludes to that subsection in her brief.
[2] Rule 2(a), SCRFC, makes applicable in family court certain of the South Carolina Rules of Civil Procedure, including Rule 5, SCRCP, except to the extent that Rule 5(a) does not require a defaulting defendant to be given notice of every hearing, as Rule 17(a), SCRFC, provides that all defendants must be notified of merits hearings.