**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deutsche Bank National Trust Company, as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1, Respondent,

v.

Doris J. Dixon and Anmed Health, Defendants,

of whom Doris J. Dixon is the Appellant.

Appellate Case No. 2020-001253

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2023-UP-044
Submitted January 1, 2023 – Filed February 1, 2023

**AFFIRMED**

Howard Walton Anderson, III, of Truluck Thomason, LLC, of Greenville, for Appellant.

Sean Matthew Foerster, of Rogers Townsend LLC, of Columbia, for Respondent.

**PER CURIAM:**  Doris J. Dixon appeals a circuit court order denying her motion to be relieved from a judgment granted by the Anderson County Master-in-Equity to Deutsche Bank National Trust Company, as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1.  On appeal, Dixon argues the circuit court erred by concluding (1) the master's orders were not void and subject to being set aside under Rule 60(b)(4), SCRCP; (2) the master's failure to recuse himself was not a "mistake" that allowed his orders to be set aside under Rule 60(b)(1), SCRCP; and (3) relief was not warranted under Rule 60(b)(5), SCRCP.  We affirm.

1.  We hold the circuit court did not abuse its discretion by rejecting Dixon's argument that she was entitled to relief from the judgment pursuant to Rule 60(b)(4), SCRCP.  *See Coleman v. Dunlap*, 306 S.C. 491, 494, 413 S.E.2d 15, 17 (1992) ("Whether to grant or deny a motion under [Rule] 60(b) is within the sound discretion of the judge."); *id.* at 495, 413 S.E.2d at 17 ("An abuse of discretion arises where the trial judge was controlled by an error of law or where his order is based on factual conclusions that are without evidentiary support.").  Here, there was no evidence the master's orders were void for lack of personal or subject matter jurisdiction, and Dixon failed to demonstrate any evidence of judicial bias or prejudice.  *See BB & T v. Taylor*, 369 S.C. 548, 552, 633 S.E.2d 501, 503 (2006) ("The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle her to relief."); Rule 60(b)(4) (explaining a court may relieve a party from a final judgment if "the judgment is void"); *Universal Benefits, Inc. v. McKinney*, 349 S.C. 179, 183, 561 S.E.2d 659, 661 (Ct. App. 2002) ("The definition of 'void' under the rule only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction." (quoting *McDaniel v. U.S. Fid. & Guar. Co.*, 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996))); Canon 3(E)(1)(b) of the Code of Judicial Conduct, Rule 501, SCACR (requiring a judge to recuse himself or herself "in a proceeding in which the judge's impartiality might reasonably be questioned" including when "the judge served as a lawyer in the matter in controversy"); *Davis v. Parkview Apartments*, 409 S.C. 266, 285, 762 S.E.2d 535, 545 (2014) ("It is the movant's responsibility to provide some evidence of the existence of the judge's impartiality."); *State v. Quinn*, 430 S.C. 115, 127-28, 843 S.E.2d 355, 362 (2020) ("When the moving party has failed to demonstrate some evidence of judicial bias or prejudice, an appellate court will not reverse a judge's decision not to recuse.").

2.  We hold the circuit court did not abuse its discretion by denying Dixon's request for relief from judgment under Rule 60(b)(1), SCRCP, because Dixon failed to

timely file the motion as to the master's three supplemental orders, assert a mistake of fact, and present a meritorious defense to the proceeding. *See* Rule 60(b)(1) ("On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ."); *Coleman*, 306 S.C. at 494, 413 S.E.2d at 17 ("Whether to grant or deny a motion under [Rule] 60(b) is within the sound discretion of the judge."); Rule 60(b) (mandating that a Rule 60(b)(1) motion shall not be made more than one year after the order was entered); *Williams v. Watkins*, 384 S.C. 319, 324, 681 S.E.2d 914, 917 (Ct. App. 2009) (explaining "[i]n order to gain relief under Rule 60(b)(1), SCRCP, a party must first show a *good faith mistake of fact* has been made" (emphasis added)); *Rouvet v. Rouvet*, 388 S.C. 301, 309, 696 S.E.2d 204, 208 (Ct. App. 2010) ("In determining whether to grant relief under Rule 60(b)(1), the court must consider the following factors: '(1) the promptness with which relief is sought; (2) the reasons for the failure to act promptly; (3) the existence of a meritorious defense; and (4) the prejudice to the other party.'" (quoting *Mictronics, Inc. v. S.C. Dep't of Revenue*, 345 S.C. 506, 510-11, 548 S.E.2d 223, 226 (Ct. App. 2001))).

3. We hold the circuit court did not abuse its discretion by denying Dixon's request for relief from judgment under Rule 60(b)(5), SCRCP, because the master's orders did not have prospective application. *See* Rule 60(b)(5) (providing that judgments may be set aside if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application"); *Coleman*, 306 S.C. at 494, 413 S.E.2d at 17 ("Whether to grant or deny a motion under [Rule] 60(b) is within the sound discretion of the judge."); *Perry v. Heirs at L. of Gadsden*, 357 S.C. 42, 48, 590 S.E.2d 502, 505 (Ct. App. 2003) ("Rule 60(b)(5) is based on the historical power of a court of equity to modify its decree 'in light of subsequent conditions.'" (quoting *Mr. G v. Mrs. G*, 320 S.C. 305, 311, 465 S.E.2d 101, 107 (Ct. App. 1995))); *id.* at 49, 590 S.E.2d at 505 ("The test typically applied to determine whether an order has prospective application is 'whether it is executory or involves supervision of changing conduct or conditions by the court.'" (quoting *Saro Invs. v. Ocean Holiday P'ship*, 314 S.C. 116, 120 n.3, 441 S.E.2d 835, 838 n.3 (Ct. App. 1994))); *Auto-Owners Ins. Co. v. Rhodes*, 405 S.C. 584, 594, 748 S.E.2d 781, 786 (2013) (explaining Rule 60(b)(5) "has limited application and has rarely been applied").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**KONDUROS, HEWITT, and VINSON, JJ., concur.**