**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Theon Smith, Appellant,

v.

South Carolina Department of Social Services, Respondent.

Appellate Case No. 2022-000862

───────────────

Appeal From Charleston County
Spiros S. Ferderigos, Family Court Judge

───────────────

Unpublished Opinion No. 2024-UP-279
Submitted July 17, 2024 – Filed July 24, 2024

───────────────

**AFFIRMED**

───────────────

Theon Smith, of North Charleston, pro se.

Paul Fredrick LeBarron, of North Charleston, for Respondent.

───────────────

**PER CURIAM:** Theon Smith appeals the family court's denial of his "Motion for DISESTABLISH Of PATERNITY Rule 60(b)(2)(3)(4)(5)." On appeal, Smith raises several issues related to disestablishing his paternity of his minor child. We affirm pursuant to Rule 220(b), SCACR.

We hold the family court did not abuse its discretion by denying Smith's request for relief from judgment under Rule 60(b)(2) and (3) of the South Carolina Rules of Civil Procedure because Smith failed to timely file the motion within one year of the order he sought to challenge. Smith's Rule 60(b) motion was filed February 22, 2022, and the Administrative Process Order of Financial Responsibility—in which Smith acknowledged paternity—was filed January 20, 2015. *See* Rule 60(b), SCRCP (mandating that motions made pursuant to Rule 60(b)(1), (2), and (3) shall not be made more than one year after the order was entered).

We hold the family court did not abuse its discretion by rejecting Smith's argument that he was entitled to relief from the judgment pursuant to Rule 60(b)(4) of the South Carolina Rules of Civil Procedure. *See Coleman v. Dunlap*, 306 S.C. 491, 494, 413 S.E.2d 15, 17 (1992) ("Whether to grant or deny a motion under [Rule] 60(b) is within the sound discretion of the judge."); *id.* at 495, 413 S.E.2d at 17 ("An abuse of discretion arises where the trial judge was controlled by an error of law or where his order is based on factual conclusions that are without evidentiary support." (quoting *Tri–County Ice and Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 399 S.E.2d 779, 782 (1990))). Here, there was no evidence the Administrative Process Order of Financial Responsibility was void for lack of personal or subject matter jurisdiction and Smith failed to demonstrate he was not provided proper due process. Moreover, the Rule 60(b) motion was not made within a reasonable time. *See BB & T v. Taylor*, 369 S.C. 548, 552, 633 S.E.2d 501, 503 (2006) ("The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle her to relief."); Rule 60(b)(4), SCRCP (explaining a court may relieve a party from a final judgment if "the judgment is void"); *Universal Benefits, Inc. v. McKinney*, 349 S.C. 179, 183, 561 S.E.2d 659, 661 (Ct. App. 2002) ("The definition of 'void' under the rule only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction." (quoting *McDaniel v. U.S. Fid. & Guar. Co.*, 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996))); *Thomas & Howard Co. v. T.W. Graham & Co.*, 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995) ("A judgment will not be vacated for a mere irregularity which does not affect the justice of the case, and of which the party could have availed himself, but did not do so until judgment was rendered against him."); Rule 60(b), SCRCP (mandating that motions made pursuant to Rule 60(b)(4) "shall be made within a reasonable time").

We hold the family court did not abuse its discretion by denying Smith's request for relief from judgment under Rule 60(b)(5) of the South Carolina Rules of Civil Procedure because Smith failed to establish that it was no longer equitable for the

judgment to have prospective application. Moreover, the motion was not made within a reasonable time. *See* Rule 60(b)(5), SCRCP (providing that judgments may be set aside if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application"); *Coleman*, 306 S.C. at 494, 413 S.E.2d at 17 ("Whether to grant or deny a motion under [Rule] 60(b) is within the sound discretion of the judge."); *Perry v. Heirs at L. of Gadsden*, 357 S.C. 42, 48, 590 S.E.2d 502, 505 (Ct. App. 2003) ("Rule 60(b)(5) is based on the historical power of a court of equity to modify its decree 'in light of subsequent conditions.'" (quoting *Mr. G v. Mrs. G*, 320 S.C. 305, 311, 465 S.E.2d 101, 107 (Ct. App. 1995))); *id.* at 49, 590 S.E.2d at 505 ("The test typically applied to determine whether an order has prospective application is 'whether it is executory or involves supervision of changing conduct or conditions by the court.'" (quoting *Saro Invs. v. Ocean Holiday P'ship*, 314 S.C. 116, 120 n.3, 441 S.E.2d 835, 838 n.3 (Ct. App. 1994))); *id.* at 46, 590 S.E.2d at 504 (holding that a party seeking to set aside a judgment pursuant to Rule 60(b) has the burden of presenting evidence entitling him to the requested relief); *Auto-Owners Ins. Co. v. Rhodes*, 405 S.C. 584, 594, 748 S.E.2d 781, 786 (2013) (explaining Rule 60(b)(5) "has limited application and has rarely been applied"); Rule 60(b), SCRCP (mandating that motions made pursuant to Rule 60(b)(5) "shall be made within a reasonable time").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.