22567

John SIJON, Appellant v. "Bob" GREEN, a/k/a Bobby Joe Green, Respondent.

(345 S. E. (2d) 246)

Supreme Court

*Eddie R. Harbin*, Greenville, *for appellant.*

*Everette Hoke Babb*, Mauldin, *for respondent.*

Submitted April 23, 1986.

Decided June 9, 1986.

CHANDLER, Justice:

John Sijon (Sijon) appeals a Circuit Court order setting aside three judgments previously entered in his favor against "Bob" Green (Green).

We reverse and remand.

On November 14, 1978, Green appeared in Greenville County Magistrate's Court pursuant to a summons for debt filed by Sijon. Neither the plaintiff, Sijon, nor the Magistrate was present. Green requested that the Magistrate's secretary reschedule a hearing.

On August 7, 1979, a rescheduled hearing was held. Sijon appeared and presented his evidence. Green did not attend. Judgments totalling $1,175 were entered against him in his absence.

Green alleges that he received no notice of the August 7, 1979, trial date and that he was unaware of the judgments until 1984. He brings this action in Circuit Court for vacation of the judgments and a new trial.

Sijon concedes that the judgment roll contains no evidence of notice to Green of the August 7 trial.

He contends, erroneously, that Green's claim for relief invokes and is governed by S. C. Code Ann. § 15-27-130 (1976).[1] Green's action to set aside the judgments does not fall within the purview of § 15-27-130, which applies when a judgment is entered against a party because of "mistake, inadvertence, surprise or excusable neglect." Here, Green admits to no such conduct on his part but claims that Sijon was awarded judgments against him at a trial of which he had no notice. These were not *default* judgments, because Green had entered an oral answer. *Cf. Winnesett v. Winnesett*, 287 S. C. 332, 338 S. E. (2d) 340, 341 (1985).

The Circuit Judge held that Green was entitled to notice of the August 7, 1979, trial date. We agree. He held, further, that absence of such notice from the

---

[1] While in effect at all relevant times in this case, § 15-27-130 was repealed in July, 1985. Rule 60(b), S.C.R. Civ. P., now governs motions to set aside judgments.

judgment roll required, *as a matter of law*, vacation of the judgments and a new trial. We disagree.

We hold that where a judgment roll does not contain evidence that a party-litigant received notice of the hearing or trial and a judgment is rendered, the absent party, upon motion,[2] is entitled to a judicial determination of whether he received proper notice. If it be determined that the party received such notice, the judgment remains; if not, the absent party is entitled to a new trial.

Accordingly, we remand to the Circuit Court for further proceedings.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.

---

[2] Rule 60(b)(4), S.C.R. Civ. P. requires that motions to set aside a judgment on the ground it is void must be brought within a reasonable time.