1983

The SMITH COMPANIES OF GREENVILLE, INCORPORATED,
Respondent v. Ralph Edward HAYES, II, Appellant.

(428 S.E. (2d) 900)

Court of Appeals

*Dana C. Mitchell, III*, Greenville, *for appellant.*

*Moffatt G. McDonald*, of *Haynsworth, Marion, McKay & Guerard*, Greenville, *for respondent.*

Heard Jan. 25, 1993.

Decided March 22, 1993.

BELL, Judge:

The Smith Companies of Greenville, Inc., brought an action to foreclose a bond for title given by Ralph Edward Hayes, II, for the purchase of real property. Instead of foreclosing the bond for title, the master cancelled it and ordered Hayes to surrender possession to The Smith Companies. Hayes did not appeal this judgment. Nearly eighteen months after entry of judgment, Hayes sought relief from judgment under Rule 60(b)(4) and (5), SCRCP. The master denied Hayes's motion to set aside judgment. Hayes appeals. We affirm.

Under Rule 60(b)(4) and (5), the court may grant a party relief from judgment if the party makes a motion seeking relief within a reasonable time. The master cancelled the bond for title and ordered Hayes to vacate the premises on February 23, 1990. Hayes filed his motion to set aside the judgment on August 5, 1991. The record reveals no justifiable reason to excuse Hayes's delay in seeking to set aside the February 23rd judgment. Relief from judgment under Rule 60 should not be considered a substitute for appeal from a final judgment, particularly when it is clear the party seeking relief could have litigated at trial and on appeal the claims he now makes by motion. Therefore, we affirm the master's judgment denying Hayes's motion for relief.

Moreover, even if Hayes had filed his motion within a reasonable time, we would find that he is not entitled to relief under either Rule 60(b)(4) or (5). Rule 60(b)(4) allows relief from judgment if the judgment is void. Hayes argues the judgment is void, because the master exceeded the scope of the circuit court's order of reference.[1] He contends the master had authority under the order of reference only to foreclose the bond for title. The circuit judge's order of reference states: "It appearing that this is an action for the foreclosure of a Bond for Title . . . , it is ordered that this action be . . . referred." When a case is referred to a master, Rule 53(c) gives the master the power to conduct hearings in the same manner as the circuit court, unless the order of reference specifies or limits his powers. *Bonney v. Granger*, 292 S.C. 308, 356 S.E. (2d) 138 (Ct. App. 1987). The order of reference in this case in no way limits the master's powers. The circuit judge's description of the action serves as a ground for his decision to direct a reference rather than as a limitation of the master's power. Therefore, the master did not exceed the scope of the reference by cancelling the bond rather than foreclosing Hayes's rights under the bond.

Rule 60(b)(5) permits relief from judgment if, among other things, it is no longer equitable that the judgment should have prospective application. Hayes argues a subsequent judgment against him in a related action makes the judgment cancelling the bond for title inequitable. The second action resulted in a personal judgment against Hayes for $66,767.81 on a promissory note he gave The Smith Companies as a down payment for the purchase of the same home for which he gave the bond for title. Although the second suit raises questions whether the master should have foreclosed rather than cancelled the bond for title,[2] we fail to

---

[1] Hayes also argues the circuit judge improperly referred the action to the master, because Hayes did not consent to the reference. Rule 53(b), SCRCP, permits the circuit court to direct a reference of all equitable matters on its own motion. Actions for foreclosure or the cancellation of instruments are actions in equity. *See Dockside Association, Inc. v. Detyens*, 294 S.C. 86, 362 S.E. (2d) 874 (1987); *Vereen v. Bell*, 256 S.C. 249, 182 S.E. (2d) 296 (1971); *King v. King*, 225 Ga. 142, 166 S.E. (2d) 347 (1969). Therefore, the circuit judge properly referred this case to the master.

[2] We do not reach the issue of whether Hayes's bond for title gave rise to an equitable mortgage with a right to an equity of redemption.

see how Hayes has been prejudiced by the second suit. About a month after the master cancelled the bond, Hayes admitted in an affidavit in the subsequent suit that he owed The Smith Companies $66,767.81. Hayes could have raised any defenses in the second action that he now attempts to raise in this motion for relief from judgment.[3]

For these reasons, we affirm the master's judgment denying Hayes's motion for relief from judgment.

Affirmed.

GARDNER and SHAW, JJ., concur.

---

[3] The record does not provide us with adequate proof of the inequities alleged by Hayes. It contains no evidence of how much Hayes paid The Smith Companies over the ten years he lived at the home. It does not include a copy of the bond for title. The only bond provision in the record is included in The Smith Companies' complaint, and that provision specifically allows The Smith Companies to retain any payments as rent.