478 S.E.2d 868

**Ronald J. McDANIEL and Carolina Insurance Services, Inc., d/b/a Estill Insurance Agency and Jasper Insurance Agency, Appellants,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY and Robert B. Cummings, Respondents.**

No. 2598.

Court of Appeals of South Carolina.

Heard Oct. 9, 1996.

Decided Nov. 25, 1996.

James G. Longtin, Walterboro, for Appellants.

Heyward E. McDonald, Columbia, for Respondents.

CURETON, Judge:

The Appellants Ronald J. McDaniel and Carolina Insurance Services, Inc. (hereafter McDaniel) sued the Respondents United States Fidelity and Guaranty Company and its department manager, Robert B. Cummings (hereafter USF & G) alleging, in part, that USF & G wrongfully terminated McDaniel's agency agreement. USF & G and McDaniel settled the case and the trial judge entered an "Order of Set-

tlement and Order of Dismissal" which incorporated the settlement contract. McDaniel now seeks to have the order declared void pursuant to Rule 60(b)(4), SCRCP. He appeals an order denying the motion as untimely. We affirm.

## I. *Facts*

On July 8, 1987, McDaniel purchased the Estill Insurance Agency and the Jasper Insurance Agency. USF & G previously had told the prior owners of the agencies that it planned to terminate their general agency agreement at the end of 1987. Despite McDaniel's objection to a limited agency agreement, McDaniel and USF & G signed various limited agency agreements between December 1987 and February 1989. McDaniel also signed a promissory note to USF & G for $151,003.09 to repay monies owed USF & G by the agencies. McDaniel filed suit against his sellers and USF & G in April of 1989, and included in his complaint a cause of action asserting USF & G wrongfully terminated the agency agreement in violation of S.C.Code Ann. § 38–77–940 (Supp.1995). USF & G counterclaimed for the amount due on the promissory note.

The case went to trial on October 16, 1990. After a conference with the judge during the defense's opening statement, the parties conferred and eventually settled the case. The settlement agreement allowed McDaniel to write new personal lines of insurance until December 31, 1990, but the agreement prohibited McDaniel from writing any "new commercial business." USF & G agreed to satisfy McDaniel's obligation on the promissory note as well as to satisfy any "indebtedness or account balances due or to become due on policies with effective dates prior to October 1, 1990." The terms of the settlement were incorporated into the trial judge's order, which he signed and filed on October 16, 1990.

On June 20, 1994, McDaniel moved to set aside the October 16, 1990 order as void pursuant to Rule 60(b)(4), SCRCP. The special referee denied the motion on December 28, 1994, ruling that it was not made within a reasonable time. A motion for reconsideration was denied on June 23, 1995.

## II. *McDaniel's Argument*

South Carolina has a "mandate to write" insurance statute which requires insurers to issue automobile insurance for

"individual private passenger automobiles" and "small commercial risks." S.C.Code Ann. § 38–77–110(A) (Supp.1995). Any driver with a valid operator's permit is an "insurable risk," and must be insured upon application. *Id.* South Carolina law also prohibits an insurer from inducing its insurance agents to avoid writing any class or type of automobile insurance, by "offer or promise of reward or imposition or threat of penalty." S.C.Code Ann. § 38–77–940 (Supp.1995). The statute further provides that "any agreement made in violation of this section shall be void." *Id.*

McDaniel argues that since the settlement agreement prevented him from writing "any new commercial business" from October 1, 1990 to December 31, 1990, the agreement required him to avoid "small commercial [automobile] risks." Thus, McDaniel argues that the settlement agreement and the resulting order are void and may be attacked at any time pursuant to Rule (60)(b)(4).

### III. *Reasonable Time Requirement in Rule 60(b)(4)*

■ While McDaniel argues on appeal the validity of the October 16, 1990 order, the special referee only reached the issue of whether McDaniel's Rule 60(b)(4) motion was filed within a reasonable time. There is inconsistency among the decisions of South Carolina appellate courts as to whether the "reasonable time" requirement applies to Rule 60(b)(4) motions. *See Sijon v. Green,* 289 S.C. 126, 128 n. 2, 345 S.E.2d 246, 248 n. 2 (1986) (noting that 60(b)(4) motions must be made within a reasonable time); *Smith Cos. v. Hayes,* 311 S.C. 358, 359, 428 S.E.2d 900, 902 (Ct.App.1993) (affirming a denial of relief on the basis that the 60(b)(4) motion was not made within a reasonable time). *Contra Gatling v. Beach Palace, Inc.,* 294 S.C. 464, 365 S.E.2d 736 (Ct.App.1988) (per curiam) (holding that the reasonable time requirement does not apply to 60(b)(4) because a void judgment is a nullity and thus may be attacked at any time); Flanagan, *South Carolina Civil Procedure* 487 (2nd ed.1996) (citing *Gatling,* which cited Lightsey and Flanagan's first edition of the treatise).[1] We

---

1. There is disagreement among the various federal and state jurisdictions as to whether the reasonable time requirement should be imposed on motions which attack a judgment as void. *Sijon* and *Hayes* follow what can best be described as the minority view, which relies on the

language of Rule 60(b). That language clearly seems to apply the reasonable time requirement to motions pursuant to Rule 60(b)(4). However, many other authorities hold that a void judgment may be attacked at any time. These authorities, including *Gatling*, generally reason that a void judgment cannot gain validity with the movant's delay because it is a nullity from its inception. *See, e.g.* 47 Am.Jur.2d *Judgments* §§ 767–68 (1995) (noting that "the reasonable time requirement does not apply to motions for relief from a void judgment," and that "the power to vacate a void judgment is independent of statutes or rules fixing periods of time within which applications to vacate judgments should be made"). *See also* 11 Wright, Miller, and Kane, *Federal Practice and Procedure: Civil 2d* § 2862, at 324 (1995) (stating that there is no time requirement for Rule 60(b)(4) motions); 7 James W. Moore et. al., *Moore's Federal Practice.* ¶ 60.25[4] (2nd ed.1996) (noting that the reasonable time requirement in Rule 60(b)(4) "must generally mean no time limit" absent exceptional circumstances requiring diligence).

Many federal authorities have stated or implied that the reasonable time requirement does not apply to motions attacking a judgment as void. *See, e.g. Orner v. Shalala*, 30 F.3d 1307 (10th Cir.1994); *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21 (1st Cir.1992); *Matter of Whitney–Forbes, Inc.*, 770 F.2d 692 (7th Cir.1985); *Pacurar v. Hernly*, 611 F.2d 179 (7th Cir.1979); *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220 (10th Cir.1979); *Marquette Corp. v. Priester*, 234 F.Supp. 799 (D.S.C.1964).

However, some federal circuits have given what may be inconsistent pronouncements on this issue. *See United States v. 87 Skyline Terrace*, 26 F.3d 923 (9th Cir.1994) (implying a reasonable time requirement by stating Rule 60(b)(4) in a footnote and including: "the motion shall be made within a reasonable time"); *In re Center Wholesale, Inc.*, 759 F.2d 1440 (9th Cir.1985) (no reasonable time requirement); *In re Lovitt*, 757 F.2d 1035 (9th Cir.), *cert. denied, Cheadle v. Appleatchee Riders Ass'n*, 474 U.S. 849, 106 S.Ct. 145, 88 L.Ed.2d 120 (1985) (noting that 60(b)(4) motions must be made within a reasonable time, but following this statement with a cite to *Moore's Federal Practice* ); *Bookout v. Beck*, 354 F.2d 823 (9th Cir.1965) (stating that the reasonable time requirement may mean "any time ever"). *See also Briley v. Hidalgo*, 981 F.2d 246 (5th Cir.1993) (no reasonable time requirement); *United States v. 119.67 Acres of Land*, 663 F.2d 1328 (5th Cir.1981) (reasonable time requirement); *United States v. One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353 (5th Cir.1972) (reasonable time requirement).

Cases from the various states also reflect the disagreement over the time requirement. *See, e.g. Falkner v. Amerifirst Fed. Sav. and Loan Ass'n*, 489 So.2d 758 (Fla.Dist.Ct.App.1986) (no reasonable time requirement); *Thiel v. Stradley*, 118 Idaho 86, 794 P.2d 1142 (1990) (reasonable time requirement); *Person v. Person*, 563 N.E.2d 161 (Ind. Ct.App.1990) (no reasonable time requirement absent exceptional circumstances); *O'Malley v. O'Malley*, 419 Mass. 377, 645 N.E.2d 684 (1995) (quoting the analogous civil procedure rule and stating there is a reasonable time requirement); *Garcia v. Garcia*, 712 P.2d 288 (Utah 1986) (no reasonable time requirement); *West Virginia ex rel. Moore v. Canterbury*, 181 W.Va. 389, 382 S.E.2d 583 (1989) (reasonable time

believe we are bound to follow *Sijon* and *Hayes*'s statements that the reasonable time requirement applies to Rule 60(b)(4).

 Whether or not McDaniel made his Rule 60 motion within a reasonable time is a matter addressed to the trial judge's sound discretion, and an appellate court will not disturb that determination absent abuse of discretion. *Coleman v. Dunlap,* 306 S.C. 491, 494, 413 S.E.2d 15, 17 (1992). The special referee's decision that McDaniel's motion was untimely after nearly four years is not an abuse of discretion, especially since McDaniel participated in the settlement, received substantial benefits from it, and utilized § 38–77–940 as the basis for a cause of action in his 1989 complaint.

## IV. *Definition Of "Void" in Rule 60(b)(4)*

 Moreover, any problems which may exist with the October 1990 order do not fall within Rule 60(b)(4)'s definition of "void." The definition of "void" under the rule only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction. *See Thomas & Howard Co. v. T.W. Graham and Co.,* 318 S.C. 286, 457 S.E.2d 340 (1995); Flanagan, *South Carolina Civil Procedure* 487 (2nd ed.1996); 11 Wright, Miller, and Kane, *Federal Practice and Procedure: Civil 2d* § 2862, at 326–29 (1995). There is no question that the circuit court had subject matter and personal jurisdiction over the parties in the 1989 action. Thus, the court had the power in that action to adjudicate the

---

requirement); *Neylan v. Vorwald,* 124 Wis.2d 85, 368 N.W.2d 648 (1985) (no reasonable time requirement).

Further, some states also have had inconsistent statements of the time requirement. *See, e.g. Satterfield v. Winston Indus., Inc.,* 553 So.2d 61 (Ala.1989) (reasonable time requirement); *Hughes v. Hughes,* 624 So.2d 198 (Ala.Civ.App.1993) (no reasonable time requirement absent fraud); *Perry v. Newkirk,* 871 P.2d 1150 (Alaska 1994) (implying no reasonable time requirement); *Beam v. Adams,* 749 P.2d 366 (Alaska 1988) (reasonable time requirement); *Gambrell v. Gambrell,* 644 So.2d 435 (Miss. 1994) (reasonable time requirement); *Overbey v. Murray,* 569 So.2d 303 (Miss.1990) (citing *Moore's Federal Practice* for the proposition that the reasonable time requirement in the rule is properly interpreted as imposing "no effective time limit"); *Nye, Mitchell, Jarvis & Bugg v. Oates,* 109 N.C.App. 289, 426 S.E.2d 291 (1993) (no reasonable time requirement); *Prescott v. Prescott,* 83 N.C.App. 254, 350 S.E.2d 116 (1986) (reasonable time requirement).

issue of violation of § 38–77–940. The October 1990 order is a settlement of that claim. The legislature did not intend § 38–77–940 to prohibit a court-approved agreement which settled a disputed § 38–77–940 claim. Therefore, at best, the order is voidable, and not void. *Cf. Thomas & Howard,* 318 S.C. at 291, 457 S.E.2d at 343 n. 5.

### V. *Conclusion*

Because McDaniel did not file his motion within a reasonable time, and because the order does not fall within Rule 60(b)(4)'s definition of "void," we affirm the special referee's denial of McDaniel's motion.

Accordingly, the decision of the special referee is

**AFFIRMED.**

GOOLSBY and ANDERSON, JJ., concur.