THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Charles Jenkins, d/b/a Jenkins Produce, Respondent,
v.
Central Carolina Christian Academy,
Appellant.
 
 
 

Appeal From Richland County
 James R. Barber, Circuit Court Judge

Unpublished Opinion No. 2005-UP-159
Submitted March 1, 2005  Filed March 4, 2005

AFFIRMED

 
 
 
Dalhi N. Myers, of Columbia, for Appellant.
Harry Clayton DePew, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Central Carolina Christian Academy (the Academy) appeals the circuit courts order denying its motion to set aside the default judgment entered in favor of Charles Jenkins d/b/a Jenkins Produce (Jenkins).  We affirm.[1] 
FACTS
On October 30, 1996, Jenkins and the Academy entered into a contract whereby Jenkins agreed to sell produce to the Academy for an agreed upon price of $51,468.75, which was payable on December 13, 1996.  Because the Academy failed to pay for the produce, Jenkins filed an action for breach of contract on April 1, 1997.  An affidavit of service indicates the action was served upon Ms. James on April 7, 1997.  The affidavit does not list an address or Ms. Jamess position at the Academy.  Instead, one line on the affidavit is marked that Ms. James is [a] person of suitable age and discretion residing with the Plaintiffs (  ) / Defendants (  ).  Receiving no response from the Academy, Jenkins filed an affidavit of default on September 2, 1997.     
On July 7, 1998, the circuit court entered a default judgment in the amount of $51,528.75 against the Academy.  Jenkinss attorney mailed a copy of the judgment to the Academy on July 15, 1998.  Because the Academy failed to respond, Jenkinss attorney again informed the Academy, via certified mail dated September 28, 2001, about the outstanding judgment.  Although Mr. Theodore Myers, the Headmaster of the Academy, signed the certified letter there was no response to the judgment. 
In December 2001, Jenkins filed an execution against the property of the Academy to satisfy the judgment.  By letter dated December 31, 2001, the Richland County Sheriffs Department indicated that it had complied with the required regulations in terms of checking property records and attempting to contact the Academy.
On April 22, 2002, Jenkins filed a rule to show cause and an order of reference.  The circuit court judge signed the order of reference and a hearing was set before the master for August 26, 2002.  This document was filed on July 16, 2002. 
In response, the Academy filed a motion to set aside the default judgment on August 22, 2002.  In its motion, the Academy alleged that Jenkins had failed to properly serve the Academy pursuant to Rule 4(d)(3) of the South Carolina Rules of Civil Procedure.[2]  Specifically, the Academy asserted that service upon Ms. James was insufficient to provide it with notice of the suit because the Academy had never employed an agent by the name of Ms. James.  Although the Academy admitted that it became aware of the existence of the default judgment in either 2000 or 2001, it contended that it was never afforded an opportunity to defend this suit on the merits and was never notified of a hearing to ascertain damages as required by South Carolina law.
As a result of the Academys motion, the master continued the case until the circuit court could rule on the jurisdictional issue raised by the Academy.  On January 9, 2003, the circuit court judge held a hearing on the Academys motion to set aside the default judgment.  By order dated March 12, 2003, the judge denied the Academys motion, finding:  (1). service of process was sufficient because Jenkins properly served the Academy, which was the name listed on the contract at issue, and Jenkins was, thus, not required to serve the parent corporation of South Richland Ministries, Incorporated; (2). the Academy was not entitled to notice prior to the damages hearing given the requested relief was a sum certain; and (3). the Academy failed to avail itself of the relief outlined under Rule 60(b)(4) of the South Carolina Rules of Civil Procedure since it did not move to set aside the default judgment within a reasonable time after it was notified of the entry of the judgment.[3]  In his order denying the Academys motion for reconsideration, the judge reaffirmed his ruling that the Academy had failed to move to set aside the entry of the default judgment within a reasonable time as required by Rule 60(b)(4).  This appeal follows.
DISCUSSION
The Academy argues the circuit court judge erred in finding the jurisdictional requirement of service of process was satisfied.  In support of its argument, the Academy asserts that even if the summons and complaint had been served on Ms. James, she was not a proper party because she was not an agent.  Additionally, the Academy claims that Jenkins could not cure the insufficient service of process by notifying the Academy after the default judgment had been entered.  We disagree.
A party seeking to set aside a judgment pursuant to Rule 60(b) has the burden of presenting evidence entitling him to the requested relief.  Perry v. Heirs at law of Gadsen, 357 S.C. 42, 46-47, 590 S.E.2d 502, 504 (Ct. App. 2003).  The decision of whether to grant or deny a Rule 60(b) motion is within the sound discretion of the trial court.  Id. at 47, 590 S.E.2d at 504.  On review, we are limited to determining whether the trial court abused its discretion in granting or denying such a motion.  Id.
Because the Academys motion to set aside the default judgment was based on Jenkinss alleged failure to properly effectuate service as required by Rule 4(d)(3), SCRCP, the Academys requested relief was governed by Rule 60(b)(4).  Roche v. Young Bros., Inc. of Florence, 318 S.C. 207, 209, 456 S.E.2d 897, 899 (1995) (Rule 4, SCRCP serves at least two purposes.  It confers personal jurisdiction on the court and assures the defendant of reasonable notice of the action.); Brown v. Carolina Emergency Physicians, P.A., 348 S.C. 569, 583-84, 560 S.E.2d 624, 631 (Ct. App. 2001) (stating in order for service upon a corporation to be effective, it must be made on an actual agent).  
Rule 60(b)(4) permits relief from judgment if the judgment is void.  Smith Cos. of Greenville v. Hayes, 311 S.C. 358, 360, 428 S.E.2d 900, 902 (Ct. App. 1993); Rule 60(b)(4), SCRCP (On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void.).  The definition of void under the rule only encompasses judgments from courts which failed to provide due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction.  McDaniel v. United States Fidelity & Guar. Co., 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996).
Under Rule 60(b)(4), the court may grant a party relief from judgment if the party makes a motion seeking relief within a reasonable time. Smith Cos. of Greenville, 311 S.C. at 359, 428 S.E.2d at 902; see McDaniel, 324 S.C. at 642-44, 478 S.E.2d at 870-71 (applying reasonable time requirement to motion pursuant to Rule 60(b)(4), but recognizing inconsistency among the decisions of South Carolina appellate courts, other state courts, and federal courts as to whether requirement should be imposed to challenge a judgment as void). 
Based on the evidence presented in the record, we find the circuit court judge did not abuse his discretion in denying the Academys motion to set aside the entry of the default judgment.  The default judgment was entered on July 7, 1998, and copy mailed to the Academy on July 15, 1998.  On September 28, 2001, Jenkins notified the Academy about the judgment by certified mail.  Mr. Theodore Myers, the Headmaster of the Academy, signed that he received this letter.  Furthermore, the Academy admitted in its motion that its principals became aware of the existence of the default judgment either in 2000 or 2001, yet it did not file its motion to set aside the default judgment until August 22, 2002, four days before the hearing scheduled on Jenkinss motion for a rule to show cause.  Based on the foregoing, we find there is evidence to support the judges ruling that the Academy failed to make its motion within a reasonable time.  See McDaniel, 324 S.C. at 644, 478 S.E.2d at 871 (finding Rule 60(b)(4) motion untimely where party filed it nearly four years after order enforcing settlement agreement was filed).  Therefore, even assuming arguendo that the judgment was void for insufficient service of process, the Academys delay in moving to set aside the default judgment precluded it from receiving any relief under Rule 60(b)(4).
Accordingly, the decision of the circuit court judge is
AFFIRMED.
ANDERSON, BEATTY, and SHORT, JJ., concur.

[1] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]   Rule 4(d)(3) of the South Carolina Rules of Civil Procedure provides:

The summons and complaint must be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Voluntary appearance by defendant is equivalent to personal service; and written notice of appearance by a party or his attorney shall be effective upon mailing, or may be served as provided in this rule. Service shall be made as follows:
. . . 
Upon a corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

[3]   Although the Academy moved to set aside the default judgment pursuant to Rule 55(c), the circuit court judge properly analyzed the motion pursuant to Rule 60(b) on the ground the default judgment had already been entered. See Rule 55(c), SCRCP (For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).).