THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Martha F.
 Edwards, Respondent,
 
 
 
 
 

   v.

 
 
 
 
 Michael E.
 Edwards, Appellant.
 
 
 
 
 

Appeal From Sumter County
 George E. McFaddin, Jr., Family Court
Judge

Unpublished Opinion No. 2011-UP-047
 Submitted January 4, 2011  Filed February
4, 2011    

AFFIRMED

 
 
 
 Richard C. Jones and Richard T. Jones, both
 of Sumter, for Appellant.
 G. Murrell Smith, Jr., of Sumter, for
 Respondent.
 
 
 

PER CURIAM:  Michael
 E. Edwards (Husband) appeals the family court's denial of his Rule 60, SCRCP
 motion.  Husband argues the family court erred in denying his motion because:
 (1) a portion of the family court's final order dated October 26, 2006 was void
 for lack of subject matter jurisdiction; (2) his motion was timely; and (3) it
 is inequitable to require him to make monthly equitable distribution payments
 for the remainder of his life and after his death without the ability to modify
 the payments.  We affirm.[1]
1. As to
 whether a portion of the family court's
 final order dated October 26, 2006 was void for lack of subject matter
 jurisdiction:  Husband's case concerns issues of spousal support and the
 equitable division of marital property, and the family court exercises
 exclusive jurisdiction over both issues.  See S.C. Code Ann. § 63-3-530
 (2010) ("The family court has exclusive jurisdiction . . . to hear and
 determine actions for divorce a vinculo matrimonii, separate support and
 maintenance, legal separation, and in other marital litigation between the
 parties, and for settlement of all legal and equitable rights of the parties in
 the actions in and to the real and personal property of the marriage.").  
2. As to whether
 Husband's Rule 60 motion was untimely: Husband did not make his motion in a
 reasonable amount of time after the family court's final order.  See Rule
 60(b), SCRCP (stating a motion to void a judgment "shall be made within a
 reasonable amount of time . . . after the judgment, order, or proceeding was
 entered.").  Husband failed to file a motion to void the alimony terms
 until eighteen months after the final order despite (1) testifying at the
 hearing that he agreed with the terms of the settlement agreement; and (2) being
 aware of the finalized terms when the family court approved the settlement
 agreement on October 26, 2006.  Accordingly, the family court did not abuse its
 discretion in finding Husband's Rule 60 motion was untimely.  See McDaniel
 v. U.S. Fidelity and Guar. Co., 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct.
 App. 1996) (holding whether a party makes a "Rule 60 motion within a
 reasonable time is a matter addressed to the trial judge's sound discretion,
 and an appellate court will not disturb that determination absent abuse of
 discretion.").[2] 
     
AFFIRMED.
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2]  We decline to address Husband's remaining argument
 because resolution of Husband's arguments regarding subject matter jurisdiction
 and timeliness is dispositive.  See Whiteside v. Cherokee County Sch. Dist. No. One,
 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (finding the appellate court need
 not address a remaining issue when the resolution of a prior issue is
 dispositive).