**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Florida Citizens Bank, Appellant,

v.

Sustainable Building Solutions, Inc., John Porretto, Sr., Sue A. Porretto, The County of Charleston, and Island Preservation Partnership, Defendants,

Of whom John Porretto, Sr. and Sue A. Porretto are the Respondents.

Appellate Case No. 2016-000971

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2018-UP-255
Submitted March 1, 2018 – Filed June 13, 2018

**AFFIRMED**

Robert T. Lyles, Jr., of Lyles & Associates, LLC, of Charleston, for Appellant.

Paul E. Tinkler, of Law Office of Paul E. Tinkler, of Charleston, for Respondents.

**PER CURIAM:** Florida Citizens Bank appeals the Master-in-Equity's order granting John Porretto and Sue Porretto (the Porrettos) relief from judgment for a suit on a mortgage guaranty pursuant to Rule 60(b)(5), SCRCP. On appeal, Florida Citizens Bank argues the Master erred by (1) finding it released its rights against the Porrettos as guarantors, (2) holding that a waiver of deficiency judgment released its rights to pursue a guaranty judgment against the Porrettos, and (3) granting the Porrettos relief from judgment pursuant to Rule 60(b)(5) because the motion was not timely. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issues 1 and 2: *Coleman v. Dunlap*, 306 S.C. 491, 494, 413 S.E.2d 15, 17 (1992) ("Whether to grant or deny a motion under [Rule 60(b), SCRCP,] is within the sound discretion of the [Master]."); *Perry v. Heirs at Law of Gadsden*, 357 S.C. 42, 47, 590 S.E.2d 502, 504 (Ct. App. 2003) ("On review, [appellate courts] are limited to determining whether the [Master] abused its discretion in granting or denying such a motion."); *Wilson v. Dallas*, 403 S.C. 411, 425, 743 S.E.2d 746, 754 (2013) ("An abuse of discretion occurs when a court's order is controlled by an error of law or there is no evidentiary support for the court's factual conclusions."); S.C. Code Ann. § 29-3-660 (2007) ("[I]f the mortgage debt be secured by the covenant or obligation of any person other than the mortgagor *the plaintiff may make such person a party to the action* and the court may adjudge payment of the residue of such debt remaining unsatisfied after a sale of the mortgaged premises against such other person and may enforce such judgment as in other cases." (emphasis added)).

2. As to issue 3: *McDaniel v. U.S. Fid. & Guar. Co.*, 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996) ("Whether or not [a movant] made his Rule 60 motion within a reasonable time is a matter addressed to the [Master's] sound discretion, and an appellate court will not disturb that determination absent abuse of discretion."); *Perry*, 357 S.C. at 48, 590 S.E.2d at 505 (finding four years was unreasonable but noting "we are reluctant to proclaim that four years is a per se unreasonable period of time").

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.