**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Anderson Brothers Bank, Respondent,

v.

Dazarhea Monique Parson, a/k/a Dazarhea D. Parson, a/k/a Dazarhea Monique Daniels Parson, A. Tyrone Parson, Jr. a/k/a Arnold Tyrone Parson, Jr., South Carolina Department of Revenue and South Carolina Department of Motor Vehicles, Defendants,

Of whom Dazarhea Monique Parson, a/k/a Dazarhea D. Parson, a/k/a Dazarhea Monique Daniels Parson and A. Tyrone Parson, Jr. a/k/a Arnold Tyrone Parson, Jr. are the Appellants.

Appellate Case No. 2018-002061

--------

Appeal From Marion County
Thomas A. Russo, Circuit Court Judge

--------

Unpublished Opinion No. 2021-UP-171
Submitted April 1, 2021 – Filed May 19, 2021

--------

**AFFIRMED**

--------

Dazarhea Monique Parson and Arnold Tyrone Parson, Jr., of Georgetown, pro se.

Suzanne G. Grigg, of Nexsen Pruet, LLC, of Columbia,
for Respondent.

————————

**PER CURIAM:**  Dazarhea Monique Parson and Arnold Tyrone Parson, Jr.
(collectively, the Parsons) appeal the circuit court's denial of their petition for relief
pursuant to Rule 60(b)(4) of the South Carolina Rules of Civil Procedure.  On
appeal, the Parsons argue the circuit court abused its discretion by (1) failing to
enter findings of fact and conclusions of law on all issues, (2) failing to take
judicial notice of evidentiary facts, (3) finding the foreclosure deed was valid, and
(4) denying their petition for relief from a void judgment pursuant to Rule
60(b)(4).  We affirm pursuant to Rule 220(b) of the South Carolina Appellate
Court Rules.

We find the circuit court did not abuse its discretion by denying the petition for
relief under Rule 60(b)(4), because the petition was not filed within a reasonable
time.  *See BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006)
("Whether to grant or deny a motion under Rule 60(b)[, SCRCP,] lies within the
sound discretion of the [circuit court].");  *McDaniel v. U.S. Fid. & Guar. Co.*, 324
S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996) ("[T]he reasonable time
requirement applies to Rule 60(b)(4).");  *id.* (providing whether a Rule 60, motion
is made within a reasonable time is a matter addressed to the circuit court's sound
discretion and an appellate court will not disturb that determination absent an
abuse of discretion).  The special referee filed the order of foreclosure and sale on
August 16, 2013, which the Parsons appealed to this court.  Subsequently, this
court dismissed the appeal, and our supreme court denied the Parsons' writ of
certiorari.  The Parsons did not file the petition for relief until June 4, 2018—
almost five years after the special referee filed the order of foreclosure and sale.
Although the Parsons allege they first filed a Rule 60(b) motion in January 2016,[1]
and the circuit court dismissed the motion for lack of jurisdiction, the Parsons
could have sought leave from this court to file the motion while the foreclosure
appeal was pending.  Further, our supreme court denied the Parsons' petition for a
writ of certiorari in March 2017, and the Parsons did not file the petition for relief
that is now before this court for another fourteen months.  Although whether a
Rule 60(b) motion is filed within a reasonable time is a case-by-case
determination, our appellate courts have previously held filing a Rule 60(b) motion
after the passage of four years was untimely.  *See McDaniel*, 324 S.C. at 644, 478

———————

[1] The Parsons did not include in the record on appeal a Rule 60(b) motion filed in
January 2016.

S.E.2d at 871 (finding the special referee's ruling that the appellants' Rule 60(b) motion was untimely after nearly four years was not an abuse of discretion); *Perry v. Heirs at Law of Gadsden*, 357 S.C. 42, 48, 590 S.E.2d 502, 505 (Ct. App. 2003) ("While we are reluctant to proclaim that four years is a per se unreasonable period of time, [the appellants], who bore the burden of showing the propriety of [their] motion, [have]failed to proffer an argument as to why we should find that a four-year delay is reasonable in this case."). The Parsons provided no explanation for why they did not file this motion earlier following our supreme court's denial of their writ of certiorari. Thus, we find the circuit court did not abuse its discretion by finding the petition for relief was not filed within a reasonable time. Because the untimely filing of the petition for relief is dispositive of this appeal, we need not address the Parsons' remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 612 (1999) (finding an appellate court does not need to address the remaining issues when the resolution of the prior issue is dispositive).

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.