**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher Abrams, Appellant,

V.

Melinda Humphries, Respondent.

Appellate Case No. 2020-000799

———————

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-034
Submitted January 1, 2023 – Filed February 1, 2023

———————

**AFFIRMED**

———————

Dietrich Andre' Lake, of The Lake Law Firm, of
Columbia, for Appellant.

Michael T. Coulter, of Clarkson, Walsh & Coulter, P.A.,
of Greenville, for Respondent.

———————

**PER CURIAM:** Christopher Abrams appeals an order granting Melinda
Humphries relief from judgment. On appeal, Abrams argues the circuit court erred
in (1) granting Humphries relief from judgment pursuant to Rule 60(b), SCRCP;
(2) failing to rule on his motion to dismiss before granting relief on Humphries's

motion to enforce partial satisfaction of a judgment; and (3) granting relief not requested in Humphries's motion. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not err in granting Humphries relief pursuant to Rule 60(b), SCRCP. *See Raby Constr. L.L.P. v. Orr*, 358 S.C. 10, 17, 594 S.E.2d 478, 482 (2004) ("Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the [circuit court]."); *Coleman v. Dunlap*, 306 S.C. 491, 495, 413 S.E.2d 15, 17 (1992) ("An abuse of discretion arises where the trial [court] was controlled by an error of law or where [the] order is based on factual conclusions that are without evidentiary support." (quoting *Tri-County Ice and Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 242, 399 S.E.2d 779, 782 (1990))); Rule 60(b)(5), SCRCP ("On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . [if] the judgment has been satisfied . . . or it is no longer equitable that the judgment should have prospective application."); *Perry v. Heirs at Law of Gadsden*, 357 S.C. 42, 48, 590 S.E.2d 502, 505 (Ct. App. 2003) ("Rule 60(b)(5) is based on the historical power of a court of equity to modify its decree 'in light of subsequent conditions.'" (quoting *Mr. G v. Mrs. G*, 320 S.C. 305, 311, 465 S.E.2d 101, 107 (Ct. App. 1995))). We also hold Humphries was not required to file a Rule 59, SCRCP, motion to raise this issue because Humphries's motion did not challenge anything that occurred during trial. *See generally Smith Cos. of Greenville, Inc. v. Hayes*, 311 S.C. 358, 359, 428 S.E.2d 900, 902 (Ct. App. 1993) ("Relief from judgment under Rule 60 should not be a substitute for appeal from a final judgment, particularly when it is clear the party seeking relief could have litigated at trial and on appeal the claims he now makes by motion.").

2. We hold the circuit court did not err in its handling of Humphries's and Abrams's motions. Although the circuit court ruled on Humphries's motion prior to ruling on Abrams's motion, the circuit court subsequently found it had jurisdiction to consider the issues presented to it. *See Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct. App. 2009) ("Generally, appellate courts will not set aside judgments due to insubstantial errors not affecting the result."). We also hold Abrams's argument regarding a lack of particularity in Humphries's motion is not preserved for review. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court."). We further hold the court did not err in having Abrams's counsel respond while under an order of protection because the order of protection only stated Abrams's counsel's cases would not be "set or called for trial or appearance" during certain time periods. Abrams also failed to show prejudice from having to respond

to Humphries's motion while his counsel was under an order of protection because Abrams had the opportunity to respond to the motion when filing his motion to dismiss and indicated he would not file a responsive memorandum because he believed the court did not have jurisdiction. *See Judy*, 384 S.C. at 646, 682 S.E.2d at 842 ("Generally appellate courts will not set aside judgments due to insubstantial errors not affecting the result."). Finally, we hold the court did not err in ruling on Humphries's motion without holding a hearing on it or Abrams's motion because the relevant portion of the case occurred during the beginning of COVID-19, the court believed a hearing was not necessary, and the court gave the parties an opportunity to submit additional information before it ruled on Humphries's motion. *See* Operation of the Trial Courts During the Coronavirus Emergency, S.C. Sup. Ct. Order dated Apr. 3, 2020 ("While the practice has been to conduct hearings on virtually all motions, this will not be possible during [COVID-19]. . . . A trial [court] may elect not to hold a hearing when the [court] determines the motion may readily be decided without further input from the lawyers."); Operation of the Trial Courts During the Coronavirus Emergency, S.C. Sup. Ct. Order dated Apr. 24, 2020 (same).

3. We hold the circuit court did not err in considering Humphries's motion even though the judge was not the trial judge because Humphries's motion did not pertain to anything that happened during trial. We also hold the court did not grant relief outside the scope of Humphries's pleadings when finding Humphries's insurance company properly tendered the partial payment because the finding was part of the court's consideration when determining whether Humphries was entitled to relief. Finally, we hold any potential error in the court proactively finding the partial payment satisfied section 56-9-480 of the South Carolina Code (2018) and thus, the Department of Motor Vehicles (DMV) could not suspend Humphries's driver's license, is harmless because the finding is dicta and a correct interpretation of section 56-9-480. *See Judy*, 384 S.C. at 646, 682 S.E.2d at 842 ("Generally appellate courts will not set aside judgments due to insubstantial errors not affecting the result."); S.C. Code Ann. § 56-9-410 (2018) (stating the clerk of court shall forward a certified copy of the judgment to the DMV if a person fails to satisfy the judgment within sixty days); S.C. Code Ann. § 56-9-430(A) (2018) (stating that upon receipt of a certified copy of judgment, the DMV "shall suspend the license and registration . . . of any person against whom the judgment was rendered, except as provided in" certain statutes); S.C. Code Ann. § 56-9-470 (2018) (stating a person's license shall remain suspended until the person satisfies the judgment "in full or to the extent provided in [s]ection 56-9-480 and until the person gives proof of financial responsibility"); § 56-9-480(1) (stating judgments are considered satisfied "when twenty-five thousand dollars has been credited upon

any judgments rendered in excess of that amount because of bodily injury to or death of one person as the result of any one accident").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.