**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles E. Houston, Jr., Appellant,

v.

Shirley J. Boone, as Administrator of the Estate of Dean B. Bell, individually; Law Offices of Dean B. Bell, LLC; and B. Hammel Properties, LLC, Defendants,

of which the Law Offices of Dean B. Bell, LLC and B. Hammel Properties, LLC are the Respondents.

Appellate Case No. 2019-001676

———————

Appeal From Beaufort County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-069
Submitted October 3, 2022 – Filed February 22, 2023

———————

**AFFIRMED**

———————

Charles E. Houston, Jr., of Charleston, pro se.

Thomas Calvin Taylor, of Law Offices of Thomas C. Taylor, LLC, of Bluffton; and Kirby Darr Shealy, III, and W. Cliff Moore, III, both of Adams and Reese LLP, of Columbia, all for Respondent B. Hammell Properties, LLC.

**PER CURIAM:**  More than four years after this court remitted Charles E. Houston, Jr.'s appeal from an order partitioning property he jointly owned with his sisters, Houston sued Dean B. Bell,[1] his sisters' attorney in the partition case; Bell's law firm, The Law Offices of Dean B. Bell, LLC (the Firm); and B. Hammel Properties, LLC (Hammel), the company who bought the property, asserting the partition order was void and based on extrinsic fraud.  The circuit court granted summary judgment to Bell, the Firm, and Hammel on Houston's causes of action.  Houston now appeals. We affirm.

## I.  Facts

In December 2011, Houston's sisters filed an action against him for the partition of a property the siblings jointly owned in Hilton Head (the Property).  The circuit court referred the partition action to the Master in Equity for Beaufort County on September 4, 2012.  On July 19, 2013, the Master filed an order: (1) ordering the partition of the Property by private sale; (2) giving one of Houston's sisters the right to sign contracts, deeds, and other sale documents for all of the siblings; (3) ordering Houston to pay his sisters for his portion of the insurance and property taxes on the Property since January 2011, rent for his sole use of the Property to the exclusion of his sisters, and his sister's attorney's fees; and (4) requiring Houston to vacate the Property.  On July 30, 2013, Houston filed a motion to reconsider the partition order, asserting: (1) the Master lacked jurisdiction to rule on his sisters' claims for partition by private sale, accounting, conversion, and contribution because the circuit court had previously dismissed these causes of action and told Houston's sisters their only cause of action would be partition by public sale; (2) the Master lacked jurisdiction to order a partition by private sale under the petition statute; (3) the Master erred in granting Houston's sister the power to sign documents for her siblings as to the sale of the Property; (4) the sale of the Property without pre-approval from the court was improper; and (5) extrinsic fraud had been committed in this case.  The Master denied this motion in a Form 4 order on September 11, 2013.

Houston then appealed the partition order and the order denying his motion for reconsideration.  However, Houston failed to provide a transcript for the appeal and did not file an appellant's brief or designation of the matter with this court;

---

[1] Bell passed away during the pendency of this appeal, and he and the administrator of his estate were dismissed from the appeal pursuant to an order of discharge from the bankruptcy court.

consequently, this court dismissed his appeal, and the case was remitted on March 10, 2014. Houston asserts he withdrew this appeal because it was premature as the Property had not been sold. The Property was sold to Hammel on June 23, 2015, for $385,000. Three years later, on May 22, 2018, Hammel sold the Property, together with several other properties, for $1,242,000.

On July 31, 2018, Houston filed a *lis pendens* as to the Property and a complaint against Bell, the Firm, and Hammel. In his complaint, Houston first asked for the partition order to be voided because the Master (1) never acquired jurisdiction over the partition case as there was never an order of reference; (2) failed to refer to the order of reference in the partition order; (3) lacked personal and subject matter jurisdiction over the partition case; and (4) lacked the jurisdiction to modify an order of the circuit court, noting the circuit court who referred the case to the Master had ruled the partition would be by public sale. Next, Houston alleged his due process rights had been violated in several ways, including (1) he was prejudiced by the Master's ruling on issues the circuit court had already ruled on, specifically partition by private sale rather than public sale; (2) Bell's placement of his work notes into the court file, which Houston asserted Bell did to influence the Master; (3) Bell submitting a proposed order to the Master without the Master requesting such an order; (4) Bell not including Houston on communications between Bell and the Master; and (5) Bell not sending him a copy of the proposed order. Based on these acts, Houston asserted Bell had engaged in extrinsic fraud to deny Houston his due process rights. Houston then alleged the Master exceeded his jurisdiction and erred in his "*ultra vires* ruling" to allow Houston's sister to sign documents related to the sale of the Property for her siblings and to not require the sale of the Property to be pre-approved by the court. Houston asked for the sale of the Property to be voided and for quiet title as to the Property.

Both Bell and Hammel filed motions for summary judgment on Houston's claims, asserting (1) the Master had jurisdiction to partition the Property by private sale pursuant to the order of reference; (2) no prior order prevented the Master from ordering the partition by private sale or Houston's sisters from asserting their claims for rent, contribution, and conversion; (3) Houston waived any right to challenge the jurisdiction of the Master by participating in the partition action; (4) the Master asked Bell to draft the partition order; (5) Houston raised these issues in his motion for reconsideration of the partition order, which the Master denied, and Houston failed to pursue his appeal of the orders; (6) Houston's due process rights were not violated; and (7) Houston's claims were barred by the doctrines of collateral estoppel, statute of limitations, and laches. After a hearing, the circuit court granted both motions for summary judgment, finding the Master had jurisdiction to order partition by private

sale; no genuine issue of fact existed as to Houston's claims; and Houston's claims were barred by the doctrines of collateral estoppel, statute of limitations, and laches.

## II. STANDARD OF REVIEW

"Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the judge." *BB&T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006). As does the decision of "[w]hether or not [a party] made his Rule 60 motion within a reasonable time[.]" *McDaniel v. U.S. Fid. & Guar. Co.*, 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996). Similarly, "the determination of whether laches has been established is largely within the discretion of the trial court." *Emery v. Smith*, 361 S.C. 207, 216, 603 S.E.2d 598, 602 (Ct. App. 2004).

## III. TIME LIMITATIONS AND LACHES

Houston argues the partition order should be vacated as void because it "exceeds beyond the subject matter jurisdiction granted by statute to the Master." Houston asserts this issue can be raised for the first time on appeal, and although there is no law on the issue in South Carolina, other jurisdictions have found the doctrines of res judicata, collateral estoppel, laches, estoppel, and statute of limitations do not apply to actions to set aside a judgment as void. Similarly, Houston argues the circuit court abused its discretion in ruling his extrinsic fraud claims were barred by the affirmative defenses of estoppel, laches, and reasonable time limitations. We disagree.

Rule 60(b), SCRCP, states, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

"The definition of 'void' under [Rule 60(b)(4)] only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction." *McDaniel*, 324 S.C. at 644, 478 S.E.2d at 871. The reasonable time requirement applies to Rule 60(b)(4). *Id*. (finding special referee's ruling that a Rule 60(b)(4) motion was untimely when filed nearly four years after final judgment was not an abuse of discretion). Additionally, while "motions to reopen judgements based on fraud must be filed within a year of the judgment or order, Rule 60(b) allows a party to seek relief from an order for 'fraud upon the court' after the expiration of one year." *Perry v. Heirs at Law of Gadsden*, 357 S.C. 42, 47, 590 S.E.2d 502, 504 (Ct. App. 2003) (quoting Rule 60(b), SCRCP). However, "[w]hen the movant alleges the judgment is void or that the nonmoving party engaged in fraud upon the court, the motion must 'be made *within a reasonable time* . . . after the judgment, order or proceeding was entered or taken.'" *Sanders v. Smith*, 431 S.C. 605, 612, 848 S.E.2d 604, 607 (Ct. App. 2020) (quoting Rule 60(b), SCRCP).

Moreover, "the doctrine of laches [is] applicable in determining whether an action is time-barred even if extrinsic fraud is established." *Robinson v. Est. of Harris*, 389 S.C. 360, 371, 698 S.E.2d 801, 807 (2010). "The equitable doctrine of laches is defined as 'neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done.'" *Id*. at 371–72, 698 S.E.2d at 807 (quoting *Hallums v. Hallums*, 296 S.C. 195, 198, 371 S.E.2d 525, 527 (1988)). "The party seeking to establish laches must show: (1) a delay, (2) that was unreasonable under the circumstances, and (3) prejudice." *Id*. at 372, 698 S.E.2d at 807.

The circuit court did not abuse its discretion in finding Houston's causes of action to void the partition order based on lack of jurisdiction and fraud on the court were barred by the time limitations of Rule 60(b), SCRCP, and the doctrine of laches. *See McDaniel*, 324 S.C. at 644, 478 S.E.2d at 871 ("Whether or not [a party] made his Rule 60 motion within a reasonable time is a matter addressed to the trial judge's sound discretion, and an appellate court will not disturb that determination absent abuse of discretion."); *Emery*, 361 S.C. at 216, 603 S.E.2d at 602 ("[T]he determination of whether laches has been established is largely within the discretion of the trial court.").

Initially, it is not clear that Rule 60(b)(5), SCRCP, applies to Houston's claims to void the partition order based on lack of jurisdiction or fraud on the court, and Houston fails to explain how this section is applicable or to provide any law concerning this section in his appellant's brief. Thus, we find any arguments as to Rule 60(b)(5), SCRCP, abandoned on appeal. *See Glasscock, Inc. v. U.S. Fid. &*

*Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

As to Houston's remaining claims, we first find Houston's claims are barred by the time limitation in Rule 60(b), which requires motions to void a judgment for lack of jurisdiction and for fraud on the court to be filed "within a reasonable time." *See* Rule 60(b), SCRCP; *McDaniel*, 324 S.C. at 644, 478 S.E.2d at 871; *Sanders*, 431 S.C. at 612, 848 S.E.2d at 607. Here, the partition case was filed in December 2011; the partition order was filed on July 19, 2013; and this court remitted Houston's appeal from the partition case on March 10, 2014. Hammel then purchased the Property on June 23, 2015, and sold the Property on May 22, 2018. Houston finally brought this action to void the partition order on July 21, 2018. We find the circuit court did not abuse its discretion in finding Houston did not file this case in a reasonable time because (1) Houston's appeal from the partition order was remitted four years and four months prior to Houston's filing of this case; (2) the claims Houston raised in this case are the same or extremely similar to those he previously raised in his motion for reconsideration of the partition order and that could have been raised in his appeal of the partition order had he pursued his appeal; and (3) the Property was sold to Hammel, and Houston admitted he learned of this sale approximately three years prior to his filing of this action. *Contrast McDaniel*, 324 S.C. at 644, 478 S.E.2d at 871 (finding special referee did not abuse its discretion in finding plaintiff's Rule 60(b)(4) motion was not filed in a reasonable time when it was filed "nearly four years" after the final order and plaintiff participated in the settlement of the case) *with Sanders*, 431 S.C. at 607–08, 848 S.E.2d at 612–13 (finding wife filed her Rule 60(b) motion for fraud against the court in a reasonable time because while husband received a divorce order in 2010, wife did not learn of the order until 2014 and did not learn the divorce order contained findings as to the parties' property until 2016 after wife hired an attorney).

Second, we find Houston's fraud on the court claims are also barred by the doctrine of laches. *See Robinson*, 389 S.C. at 371, 698 S.E.2d at 807 ("[T]he doctrine of laches [is] applicable in determining whether an action is time-barred even if extrinsic fraud is established."); *id*. at 372, 698 S.E.2d at 807 ("The party seeking to establish laches must show: (1) a delay, (2) that was unreasonable under the circumstances, and (3) prejudice."). Houston delayed bringing this case for four years and four months after his appeal from the partition order was remitted and three years after he learned of the sale of the Property. Houston offered no explanation for his delay in bringing this case, and his claims in this case echo his arguments from his motion to reconsider the partition order, reflecting no new

reasons for his claims in this action. Moreover, Hammel, who bought the Property for $385,000 and held the Property for almost three years, would be prejudiced if Houston's claims were not barred. Thus, we hold the circuit court did not abuse its discretion in finding the doctrine of laches barred Houston's fraud on the court claims.

Accordingly, we affirm the circuit court's ruling that Houston's claims are barred by the time limitations of Rule 60(b), SCRCP, and the doctrine of laches. Because this disposition is dispositive of the appeal, we need not address Houston's remaining arguments on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (appellate court need not address remaining issues when the disposition of another issue is dispositive).

**AFFIRMED.**[2]

**GEATHERS, McDONALD, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.